T.C. Summary Opinion 2009-43

UNITED STATES TAX COURT

CHRISTOPHER CHARLES POWERS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24625-07S.          Filed March 26, 2009.

Christopher Charles Powers, pro se.

<u>Derek P. Richman</u>, for respondent.

DEAN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code (Code) in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.  Unless otherwise indicated, subsequent section references are to the Code in effect for the

years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies of $3,875 and $3,543 in petitioner's 2004 and 2005 Federal income taxes, respectively. The issues for decision are whether petitioner is entitled to: (1) his claimed deduction for unreimbursed employee expenses for 2004; (2) his claimed dependency exemption deduction for 2005; (3) his claimed child tax credit for 2005; and (4) head of household filing status for 2005.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits received into evidence are incorporated herein by reference. When the petition was filed, petitioner resided in Florida.

During 2004 petitioner worked for the National Association of Letter Carriers as a union representative. He traveled from Key West to West Palm Beach, Florida, handling mediation, arbitration, and litigation for the union. His 2004 deduction for unreimbursed employee expenses related to hotel charges and transportation expenses that he incurred while using his personal vehicle for union purposes.

During 2003 and 2004 petitioner and his former spouse were in the process of obtaining a divorce. They entered into a

settlement agreement (support order)[1] that provided that petitioner was entitled to "child income tax benefits during the odd numbered years beginning with 2005" if he was current with his child support obligations.

Petitioner's 2005 Form 1040, U.S. Individual Income Tax Return, was prepared by a certified public accountant (C.P.A.). For 2005 he claimed a dependency exemption deduction and a child tax credit for his child, and he filed as a head of household. He did not attach Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, to his 2005 Form 1040.

I.  Burden of Proof

The Commissioner's determinations in a notice of deficiency are presumed correct, and the taxpayer bears the burden to prove that the determinations are in error.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).  But the burden of proof on factual issues that affect the taxpayer's tax liability may be shifted to the Commissioner where the taxpayer introduces credible evidence with respect to the issue and the taxpayer has satisfied certain conditions.  Sec. 7491(a)(1).  Petitioner has not alleged that section 7491(a) applies, and he has neither complied with the substantiation requirements nor maintained all

---

[1]In the alternative, petitioner referred to the settlement agreement as a child support enforcement order, a court order, or a divorce order.

required records.  See sec. 7491(a)(2)(A) and (B).  Accordingly, the burden of proof remains on him.

## II.  Unreimbursed Employee Expenses

Section 162(a) authorizes a deduction for all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.  But as a general rule, deductions are allowed only to the extent that they are substantiated.  Secs. 274(d) (no deductions are allowed for gifts, listed property,[2] or traveling, entertainment, amusement, or recreation unless substantiated),[3] 6001 (taxpayers must keep records sufficient to establish the amounts of the items required to be shown on their Federal income tax returns).

Petitioner admitted that he did not "know where the C.P.A. came up with" $16,000 in unreimbursed employee expenses, but "I know it was a couple of thousand."  He also testified that he did

---

[2]The term "listed property" is defined to include passenger automobiles.  Sec. 280F(d)(4)(A)(i).

[3]Specifically, sec. 274(d) requires taxpayers to substantiate by adequate records or sufficient evidence to corroborate the taxpayers' own testimony:  (1) The amount of the expenditure or use; (2) the time of the expenditure or use; (3) the place of the expenditure or use; (3) the business purpose of the expenditure or use; and (4) the business relationship to the taxpayer of the persons entertained or receiving the gift.  See also sec. 1.274-5T(a) and (b), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985).

not have any records to substantiate his deductions because they were "lost during the divorce."[4]

Because petitioner has provided no evidence that meets the substantiation requirements of sections 274(d) and 6001 and the regulations thereunder, he is not entitled to his claimed deduction for unreimbursed employee expenses.  Respondent's determination is sustained.

III.  Dependency Exemption Deduction

Generally, taxpayers may claim dependency exemption deductions for their dependents.  Sec. 151(c).  The term "dependent" includes a "qualifying child".  Sec. 152(a).  A qualifying child is defined as an individual who:  (1) Bears a certain relationship to the taxpayer, such as the taxpayer's child; (2) has the same principal place of abode as the taxpayer for more than one-half of the taxable year; (3) meets certain age requirements; and (4) has not provided over one-half of the individual's own support for the taxable year.  Sec. 152(c).

Section 152(e)(1), in pertinent part, provides a general rule that limits the dependency exemption deduction as follows:

---

[4]Petitioner did not attempt to reconstruct his expenditures. See Boyd v. Commissioner, 122 T.C. 305, 319-322 (2004); Sanderlin v. Commissioner, T.C. Memo. 2008-209; sec. 1.274-5T(c)(5), Temporary Income Tax Regs., 50 Fed. Reg. 46022 (Nov. 6, 1985), (if a taxpayer can establish that the taxpayer's failure to produce an adequate record is due to the loss of the record through circumstances beyond the taxpayer's control, the taxpayer may substantiate a deduction by reasonable reconstruction of the expenditures).

if the child received over one-half of his support during the calendar year from his parents who are divorced and the child is in the custody of one or both parents for more than one-half of the calendar year, then the child is treated as the qualifying child of the noncustodial parent if certain requirements are met. The requirements are met if: (1) The custodial parent signs a written declaration (in such manner and form as the Secretary may prescribe) that the custodial parent will not claim the child as a dependent for the taxable year; and (2) the noncustodial parent attaches the written declaration to the noncustodial parent's return for the taxable year.[5] Sec. 152(e)(2).

The written declaration may be made on a form provided by the Internal Revenue Service (IRS) or a document that conforms to its substance. Miller v. Commissioner, 114 T.C. 184, 190-191 (2000) (citing sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984)); see also Neal v.

---

[5] Sec. 152(e)(2) was amended, effective for tax years beginning after Dec. 31, 2004, to provide that a child could be the noncustodial parent's qualifying child if a decree of divorce provides that the noncustodial parent was entitled to the dependency exemption deduction for the child or the custodial parent signed a written declaration (in such manner and form as the Secretary may prescribe) that such parent would not claim the child as a dependent for the taxable year. See the Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169. This provision might have afforded petitioner relief, but it was eliminated by retroactive amendments that restored the DEFRA waiver requirement of sec. 152(e)(2) for tax years beginning after Dec. 31, 2004. See Gulf Opportunity Zone Act of 2005, Pub. L. 109-135, sec. 404, 119 Stat. 2632.

<u>Commissioner</u>, T.C. Memo. 1999-97.  The written declaration is embodied in Form 8332, and it incorporates the requirements of section 152(e)(2).  <u>Miller v. Commissioner</u>, <u>supra</u> at 190.[6]

In <u>Miller v. Commissioner</u>, <u>supra</u> at 191-195, the Court stated that in order for the noncustodial parent to claim the dependency exemption, section 152(e)(2) clearly requires the custodial parent's release of the dependency exemption by signing a written declaration to that effect.  Simply attaching a State court order that was not signed by the custodial parent to the noncustodial parent's return does not satisfy the express requirements of section 152(e)(2).  <u>Id.</u> at 196.  The mere fact that the State court granted the taxpayer the right to claim the dependency exemption is immaterial because a State court cannot determine issues of Federal tax law.  <u>Id.</u> (and cases cited thereat).

Petitioner claims that he gave a copy of his support order to his C.P.A., and the C.P.A. allegedly mailed it to the IRS.[7]  He provided the Court with only one page of the support order.  The page does not contain his former spouse's signature, and it

---

[6]Form 8332 requires a taxpayer to furnish:  (1) The children's names and the years for which exemption claims are released; (2) the custodial parent's signature and the date thereof; (3) the custodial parent's Social Security number; and (4) the noncustodial parent's name and Social Security number. <u>Miller v. Commissioner</u>, 114 T.C. 184, 190 (2000).

[7]Petitioner did not call the C.P.A. as a witness.

merely states that petitioner is entitled to claim "child income tax benefits" if he satisfies his support obligations. Petitioner, therefore, has neither proven that the support order meets the signature requirement of section 152(e)(2)(A), see id. at 191-196, nor that it otherwise conforms to the substance of Form 8332, see supra note 6.

Petitioner submitted a letter from his former spouse to the Court that acknowledges that they agreed that he was entitled to "claim child income tax benefits during odd numbers years" and states that he is current with his child support obligations. The letter, however, was not attached to petitioner's 2005 Form 1040, and it does not conform to the substance of Form 8832. See sec. 152(e)(2)(B); supra note 6.

Because petitioner has not proven that he has complied with the requirements of section 152(e), he is not entitled to his claimed dependency exemption deduction. See Miller v. Commissioner, supra at 197. Respondent's determination is sustained.

IV. Child Tax Credit

Section 24(a) provides a credit against income tax for each qualifying child of a taxpayer (as defined in section 152(c)) who is under 17 years of age. A qualifying child is one for whom a taxpayer may claim a deduction under section 151. Sec. 24(c)(1). Because petitioner is not entitled to the dependency exemption

deduction for his child, he cannot claim a child tax credit for his child.  Respondent's determination is sustained.

V.  Head of Household Filing Status

As relevant here, section 2(b)(1) defines a head of a household as an unmarried individual who maintains as his home a household that constitutes for more than one-half of the taxable year the principal place of abode of the taxpayer's qualifying child (as defined in section 152(c) and determined without regard to section 152(e)) or any other dependent of the taxpayer, if the taxpayer is entitled to a deduction for the dependent under section 151 (i.e., a qualifying relative).

Petitioner has provided no evidence as to whether his child had the same principal place of abode as petitioner for more than one-half of the taxable year.  See sec. 151(c)(1)(B); supra p. 5.  Additionally, it is unclear from the record whether his former spouse also claimed the child as a dependent in 2005 for Federal income tax purposes.  Where more than one parent claims the child as a dependent and the child's parents do not file a joint return together, then the child is treated as the qualifying child of the parent with whom the child resided for the longest period of time during the taxable year or the parent with the highest adjusted gross income if the child resides with both parents for the same amount of time during the taxable year.  Sec. 152(c)(4)(B).  Petitioner has provided no evidence as to these

issues.  Thus, he has failed to prove that his child was his qualifying child under section 152(c)(4)(B) rather than his former spouse's qualifying child.  Therefore, petitioner is not entitled to head of household filing status for 2005. Respondent's determination is sustained.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.